IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUN  7 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____*bs*_____DEPUTY

| | | |
|---|---|---|
| GHALEB AWAIDA,[1] on behalf of himself and all similarly situated persons and entities, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-05-425-W |
| PFIZER, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ghaleb Awaida, on behalf of himself and all similarly situated persons and

entities, filed the instant lawsuit against defendant Pfizer, Inc. ("Pfizer"), at 8:07 a.m.

(Central Standard Time), on February 18, 2005, in the District Court of Canadian County,

Oklahoma.    On April 15, 2005, Pfizer removed the matter, alleging that this Court has

subject matter jurisdiction not only under the Class Action Fairness Act of 2005 ("Act"),

which was signed into law by President George W. Bush at 11:46 a.m. (Eastern Standard

Time) on February 18, 2005, but also under title 28, section 1332 of the United States

Code, as it read prior to amendment by the Act.

The matter now comes before the Court on Awaida's Motion for Remand, Pfizer's

response in opposition thereto, Awaida's reply and Pfizer's supplemental brief. Based upon

the record,[2] the Court makes its determination.

_____

[1]On April 26, 2005, Awaida filed an amended complaint in which the spelling of his name was changed from Aweida to Awaida.

[2]Subject matter jurisdiction is determined at the time of removal.  A plaintiff may not by amendment defeat federal jurisdiction by recharacterizing the allegations in the state court petition or by reducing the prayer for relief.  E.g., Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); St.

Awaida has first argued that the Act is not applicable because the lawsuit was filed prior to its enactment. In this connection, Awaida has relied upon that case law that recognizes that although "'for many purposes the law knows no division of a day . . . [,] whenever it becomes important to the ends of justice, or in order to decide upon conflicting interests, the law will look into fractions of a day . . . .'" Louisville v. Savings Bank, 104 U.S. 469, 474 (1881)(quoting Grosvenor v. Magill, 37 Ill. 239, 240 (1865))(other citation omitted). Awaida has contended that because congressional legislation does not become law until the precise moment it is approved by the executive branch, the Court to promote the ends of justice in this instance should apply the rule regarding fractions of a day and find the Act was not in effect at the time this lawsuit was filed.

The Act provides that it "shall apply to any civil action commenced on or after the date of [its] enactment . . . ." 119 Stat. 4, 114. The United States Supreme Court in addressing similar language–"from and after the passing of this act"–held that the legislation was "operative from the first moment of th[e] day [of enactment]." Lapeyre v. United States, 84 U.S. 191, 198 (1872). The Supreme Court ruled that in cases that involve acts employing such language, "[f]ractions of the day are not recognized." Id. Accordingly, in light of the plain statutory text and in the absence of any impairment of Awaida's substantive rights, the Court finds the instant case, which was "commenced on [February 18, 2005,] the date of . . . enactment . . . ," 119 Stat. at 114, is subject to, and

---

Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Thus, neither Awaida's amendment of his state court petition nor the allegation contained in his amended pleading "that the aggregate claims of the putative class do not exceed the sum or value of $5,000,000.00, exclusive of interest and costs," Amended Class Action Complaint at 3, ¶ 12, is dispositive of Awaida's request for remand.

governed by, the Act.

For purposes of the instant Motion for Remand, the critical components of the Act are its amendments of title 28, section 1332 as they pertain to the issues of complete diversity of citizenship and amount-in-controversy in connection with class actions. The Act establishes that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

Awaida is a citizen of the State of Oklahoma; Pfizer is a Delaware corporation with its principal place of business in New York.  Complete diversity therefore exists between the named plaintiff and the named defendant, and the Act's requirement that the citizenship of one member of the proposed class of plaintiffs must be diverse from the citizenship of any defendant is easily satisfied. Id.  § 1332(d)(2)(A).

As stated, the Act also requires that the matter in controversy must exceed the sum or value of $5,000,000.00, exclusive of interest and costs, id. § 1332(d)(2), but it expressly provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the [requisite] sum or value . . . ." Id. § 1332(d)(6).

In his state court petition, Awaida, in addition to allegations concerning a proposed state-wide class of plaintiffs "who have paid for[,] been prescribed[] and/or ingested [the non-steroidal anti-inflammatory drug] Celebrex," Petition for Class Action at 14, ¶ 74, asserted claims for relief seeking inter alia a court-approved and supervised medical monitoring program, the establishment of a constructive trust comprised of Pfizer's profits

from which Awaida and others may make claims for restitution and the rescission of all

funds expended by Awaida and others in purchasing Celebrex.[3]

Awaida has alleged that Pfizer "has reaped billions of dollars in profits at [his and

other class members'] . . . expense." Id. at 13, ¶ 68.  Pfizer through the declaration of Brian

G. Byala, Pfizer assistant treasurer, has reported that in 2003 and 2004, the "sales of

Celebrex in the State of Oklahoma exceeded $5,000,000.00 in aggregate."  Declaration

of Brian G. Byala (April 15, 2005) at ¶ 2.  Pfizer has also submitted the declaration of

Dennis R. Connolly, reported to be an expert with extensive experience in establishing and

implementing medical monitoring programs, wherein Connolly opined

(a) that Awaida's "request for 'fund[ing] further studies of the long-term effects of

Celebrex use[,]' a research program to determine 'possible cures for the detrimental

effect[s] of Celebrex use[,]' and the development of protocols for advising treating

physicians about 'the diagnosis and treatment of injuries and diseases which may result

from using Celebrex,' alone would exceed $5,000,000.00," Declaration of Dennis R.

Connolly (April 14, 2005) at 2-3, ¶ 5; and

(b) that "even putting aside the significant underlying cost of the requested medical

monitoring itself, the overall costs of developing and implementing the program of notice,

medical monitoring and research sought in this case would be well in excess of

$5,000,000.00[, and that] [s]uch costs are apart from expenses that could be allocated to

---

[3]In his amended complaint, Awaida again asserted allegations concerning a proposed class of "persons who are residents of Oklahoma and who have paid for Celebrex," Amended Class Action Complaint at 13, ¶ 70, and advanced claims for relief seeking the establishment of a constructive trust, consisting of alleged overpayments from which class members may make claims for restitution, and the rescission of funds.  The request for a court-approved and supervised medical monitoring program was not reasserted.

any individual." Id. at 5, ¶ 9.

Once the issue of jurisdiction has been raised, the party seeking to invoke this Court's subject matter jurisdiction "bear[s] the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001)(citation omitted).   In this case, the burden falls upon Pfizer.

The record is clear that there exists the requisite diversity of citizenship, and in connection with the amount-in-controversy requirement, although the United States Court of Appeals for the Tenth Circuit "has not expressly adopted the preponderance [of the evidence] standard . . . , [it has] . . . stated that the requisite amount in controversy 'must be affirmatively established on the face of either the [state court] petition or the removal notice.'" Id. (quoting Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995))(emphasis deleted); e.g., id. (at a minimum, jurisdictional amount must be shown by preponderance of the evidence); id. (citations omitted)(when plaintiff's damages are unspecified, courts generally require defendant establish jurisdictional amount by preponderance of the evidence).

Upon consideration of the foregoing declarations and Awaida's prayer for restitution of all profits resulting from Pfizer's alleged unjust enrichment, for the establishment of a constructive trust comprised of alleged overpayments and the profits resulting from such overpayments and for the rescission of funds expended for the purchase of Celebrex in addition to the cost of the medical monitoring program and research fund, the Court finds that Pfizer has met its burden and sufficiently established that "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C.

§ 1332(d)(2).[4]

Having so determined,[5] the Court finds remand as requested by the plaintiff is not warranted.  Accordingly, Awaida's Motion for Remand filed on April 28, 2005, is DENIED.

ENTERED this _7th_ day of June, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[4]"'In a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than a federal forum.  Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ."'" Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001)(quoting Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375 (9th Cir. 1997)(quoting St. Paul Mercury, 303 U.S. at 290))(other citation omitted). Thus, in a removed case such as the case-at-bar as opposed to one originally brought in federal court, "'[t]he defendant's claim that the amount in controversy exceeds . . . [$5,000,000.00] does not enjoy the . . . presumption of accuracy that the plaintiff's [claimed amount] does [under St. Paul Mercury],'" 251 F.3d at 1289 (quoting Singer, 116 F.3d at 376), and "'where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.'" Id. at 1290 (quoting Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In this case, despite Awaida's contention that uncertainties regarding jurisdictional amount require remand, the Court finds Pfizer has satisfactorily established the existence of the statutory requirements for the exercise of diversity jurisdiction.

[5]Having determined that the Act applies, the Court has not considered Pfizer's alternative jurisdictional basis–the pre-amended version of title 28, section 1332 of the United States Code and the case law regarding the same.